IMPERIAL WOOLEN COMPANY, Respondent, v. THE F. B. Q. CLOTHING COMPANY, Appellant.

First Department, January 16, 1920.

Sale — action to recover installment due on sale of outstanding accounts — counterclaim for account fraudulently included in sale — evidence establishing counterclaim.

Where a defendant, sued to recover an installment alleged to be due on a sale to it of certain outstanding accounts of the plaintiff, alleges as a counterclaim that the statement of the purchases made by the plaintiff furnished to the defendant included a certain order of goods to be delivered to the plaintiff, which in fact had not been ordered by the plaintiff and which the manufacturer had not agreed to deliver, to the defendant's damage in a certain sum, it was error to dismiss the counterclaim where the evidence showed that before the contract with the defendant was signed the plaintiff exhibited certain cards and samples of goods purporting to show a sale for future delivery to the plaintiff, which evidences of the sale were delivered to the defendant after the contract was signed with a statement that the cards represented goods purchased and still undelivered.

Such evidence should not be excluded upon the theory that it proved a modification of the contract of sale of the accounts to the defendant, for on the contrary it established a compliance with such contract which required the plaintiff to furnish the defendant with a statement of merchandise purchased but undelivered.

A new trial will be granted unless the plaintiff consents to a reduction of the judgment by the amount of the counterclaim which was erroneously dismissed.

APPEAL by the defendant, The F. B. Q. Clothing Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 2d day of July, 1918, upon the verdict of a jury, and also from an order entered in said clerk's office on the same day denying defendant's motion for a new trial made upon the minutes.

*Sol. Kohn* of counsel [*Wolf & Kohn*, attorneys], for the appellant.

*Lewis Nadel* of counsel [*Joseph Kleiner* with him on the brief; *Kleiner & Kleiner*, attorneys], for the respondent.

DOWLING, J.:

This action is brought to recover the final installment of $3,000 due under an agreement in writing between the parties, whereby plaintiff sold to defendant certain outstanding accounts of plaintiff as represented by its trial balance of April 29, 1916, after the elimination therefrom of certain "wholesale accounts" (amounting to $33,784.26) and of certain other accounts aggregating about $7,100. For the accounts sold the defendant agreed to pay the sum of $14,000 in installments, whereof the last, amounting to $3,000 and due August 15, 1916, has not been paid.

The defendant's first counterclaim is based on allegations that plaintiff warranted and represented that the accounts sold were its property; that its trial balance, ledger cards and collection records were in all respects true and correct and truly represented all allowances and credits which its customers were entitled to receive; and that in fact said customers were entitled to receive an additional allowance of three per cent on the amount of their purchases provided they amounted to $300 prior to June 30, 1916. It was further alleged that such allowances amounted to $652.51, which defendant was compelled to allow to the customers. This counterclaim the defendant failed to establish upon the trial, and its dismissal was proper.

The second counterclaim is based on the following facts: On April 29, 1916, plaintiff sold to defendant by an agreement in writing " all the merchandise consisting of woolens and trimmings, represented in its sample lines of the fall of the year 1915, and the spring of the year 1916, belonging to the party of the first part, together with customers' books of record, and the cabinets containing such records, all the stationery, customers' trimming books, customers' ledgers, swatch lines, one typewriter, one typewriter desk, ten tables, one high office desk, and the good will of the mail order and sample woolen department of the business of the party of the first part."

This agreement contained the following provisions:

" It is further agreed and understood that all orders for woolens and trimmings placed by the party of the first part for the coming fall season, are to be transferred to the party of the second part, at the prices at which they were purchased by the party of the first part, less the discount allowed or to be allowed to said party of the first part. The party of the second part, however, shall have the privilege to cancel all or any part of the orders placed with L. Rubenstein & Co., Nanquit Worsted Co., or Dunmore Worsted Co. The party of the second part hereby assumes payment of such orders as may be transferred. * * *

" The party of the first part is forthwith to deliver to the party of the second part a statement of all merchandise purchased by it for the Spring and Winter seasons, which has not yet been delivered, together with samples of the same."

It is further alleged:

" *Eighth.* That thereafter and pursuant to the terms of said agreement, as hereinbefore set forth, the plaintiff delivered to this defendant statements of all merchandise purchased by it for the spring and winter season of 1916 and 1917, which had not yet been delivered, together with the samples for the same. That included in said statements and represented by samples were sixteen (16) pieces of blue serge and eight (8) pieces of black serge, which the plaintiff represented had been ordered from the Dunmore Worsted Co., and by said statements further represented that it had a valid order

for said goods with the said Dunmore Worsted Co., and that each of said pieces were of about seventy (70) yards, and that the Dunmore Worsted Co. had agreed to deliver the same."

It is then set forth that the representation in question was untrue; that such goods had not been ordered by plaintiff from the Dunmore Worsted Company, and that the latter had not agreed to deliver same to plaintiff; that defendant ⁻elied on the representations that the goods had been duly or'dered, but that plaintiff knew it to be untrue when made; ˙hat plaintiff and the Dunmore Worsted Company have failed and refused to deliver to defendant the sixteen pieces of blue ⁻erge and the eight pieces of black serge, although duly demanded of both; and that defendant has been damaged thereby in the sum of eight hundred and eighty-two dollars, being the difference between the purchase price of the serges as represented by plaintiff (one dollar and twenty-seven and one-half cents per yard) and the market value at the time delivery was to have been made according to the representation (one dollar and eighty cents per yard).

Upon the trial evidence was offered that immediately after the signing of the contract certain " swatches " and cards were delivered by plaintiff to defendant, after having been exhibited to it before the contract was signed.   The agreement provides that plaintiff is " forthwith to deliver to the party of the second part a statement of all merchandise purchased by it for the Spring and Winter seasons, which has not yet been delivered, together with samples of the same."   Defendant's president, Bernheim, testified that when he asked for the statement provided for by the contract, he was given by plaintiff's representative twenty-five to thirty cards, including two cards showing the sale for future delivery of the twenty-four pieces of serge in question and the " swatches " or sample strips of the goods ordered.   The learned trial court excluded much evidence (which should have been received), misled by a claim that, because they had been submitted to defendant before the contract was made, they were inadmissible.   But subsequently evidence was received tending to prove that these cards and " swatches " (including those representing the twenty-four pieces of serge in question) were in fact

delivered by plaintiff to defendant after the contract had been executed; that they were so delivered in response to a request for a statement of the goods purchased and undelivered, as called for by the contract; that plaintiff stated that the cards represented goods purchased and still undelivered; that demand was made for the goods on Rubenstein, who was plaintiff's representative and as well owner of the Dunmore Worsted Company, and that he said the entries on the cards were a mistake, and no goods were due plaintiff from the Dunmore Worsted Company, and no such goods were in fact ever delivered. Meantime, the price of these serges had gone up in value from the contract price of one dollar and twenty-seven and one-half cents per yard to a market price of one dollar and eighty cents at the time fixed for delivery, and as the twenty-four pieces aggregated 1,680 yards, this represented a damage to defendant of eight hundred and eighty-two dollars.

The evidence offered, as well as that received, was not directed to proving any modification of the contract nor in derogation thereof, but on the contrary, established a compliance with its terms by the furnishing of the statement of merchandise purchased but undelivered, and by proof that the twenty-four pieces of serge in suit were included in such statement. The form of the statement (by the furnishing of cards and " swatches ") was of plaintiff's selection and was accepted by defendant. All that remained for defendant to prove was that the twenty-four pieces of serge had not been supplied when demanded, and to show that it had sustained damage. Having made all this proof, it had made out a *prima facie* case on its second counterclaim, and it was error to dismiss the same.

The judgment and order appealed from, in so far as they dismiss the first counterclaim, are affirmed; in so far as they dismiss the second counterclaim, they are reversed and a new trial ordered, with costs to appellant to abide the event. Should plaintiff be so advised, it may consent to a reduction of the judgment by the amount of the second counterclaim, with interest, in which event the judgment as so modified will be affirmed, without costs.

CLARKE, P. J., SMITH, PAGE and PHILBIN, JJ., concur.

Judgment and order as to first counterclaim affirmed; as to second counterclaim reversed, and a new trial ordered, with costs to appellant to abide event, unless plaintiff stipulates to reduce judgment by the amount of the second counterclaim, in which event the judgment as so modified and the order appealed from are affirmed, without costs. Settle order on notice.